UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEVI M.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:25-cv-05547-GJL

SOCIAL SECURITY DISABILITY
APPEAL ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 9, 13, 14.

Having considered the Administrative Record ("AR") and all memoranda, the Court concludes: (1) the Administrative Law Judge ("ALJ") harmfully erred by failing to specify clear and convincing reasons for finding Plaintiff's testimony not credible for the entire period of alleged disability; and (2) a remand for further proceedings is appropriate. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

## I.    PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. AR 19. Plaintiff testified at a hearing before the ALJ on January 29, 2024. AR 19, 39. On May 3, 2024, the ALJ issued a written decision in which the ALJ concluded Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. AR 14–33. Plaintiff filed a Complaint in this District seeking judicial review of the ALJ's decision on June 24, 2025. Dkt. 4. Defendant filed the sealed AR on August 22, 2025. Dkt. 7.

## II.    BACKGROUND

Plaintiff was born in 1993 and was 28 years old on September 7, 2021, the date Plaintiff's SSI application was filed. AR 19, 32. Plaintiff has a high school education and has no past relevant work. AR 32. According to the ALJ, Plaintiff suffers from the following severe impairments: degenerative disc disease, posttraumatic stress disorder ("PTSD"), depression, and substance use disorder. AR 21.

After considering the medical evidence, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926). AR 22. The ALJ found Plaintiff had the following Residual Functional Capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except the claimant could occasionally climb ramps, stairs, ladders, and scaffolds; the claimant could occasionally balance, stoop, kneel, crouch, and crawl; the claimant could frequently be exposed to vibration and hazards; the claimant can have no interaction with the public.

AR 24. Based upon this RFC, the ALJ found Plaintiff could perform work which exists in significant numbers in the national economy. AR 32.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 2

### III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony; and (2) whether the ALJ gave legally sufficient reasons for rejecting the opinions of the state agency medical consultants. Dkt. 9 at 1.

### A.    Plaintiff's Subjective Symptom Testimony

Plaintiff argues the ALJ erred in assessing his subjective symptom testimony regarding his standing and walking limitations due to pain in his lower back and legs.[1] Dkt. 9 at 3. Specifically, Plaintiff claims the ALJ erred by: (1) rejecting the entirety of Plaintiff's testimony about symptoms beginning in 2020 based on improvement after a 2023 spinal surgery; (2) discounting Plaintiff's testimony about his standing and walking limitations when the record indicates he continued to have limitations after his 2023 surgery; (3) rejecting Plaintiff's testimony based on his improvement with post-surgical injections; and (4) discounting Plaintiff's testimony based on a lack of significant strength, sensory, or reflex deficits. Dkt. 9 at 5, 8, 9.

When evaluating testimony, "[a]n ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Smith v. Kijakazi*, 14 F.4th 1108, 1111–12 (9th Cir. 2021) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014

---

[1] The ALJ also discounted Plaintiff's subjective symptom testimony regarding his mental limitations, but Plaintiff's briefing only challenges the findings pertaining to his physical limitations. *See* AR 25; Dkt. 9; Dkt. 13 at 4; Dkt. 14.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 3

(9th Cir. 2014)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* For the second step of the credibility analysis, provided "there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citing *Garrison*, 759 F.3d at 1014–1015).

While the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line, *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020), the ALJ must identify "which testimony [the ALJ] found not credible" and explain "which evidence contradicted that testimony." *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). "General findings are insufficient." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). The ALJ has a duty to set forth her reasoning "in a way that allows for meaningful review," *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and this requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions," *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).

At the first step of the credibility analysis, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. AR 26. At the second step, however, the ALJ determined Plaintiff's statements concerning the intensity, persistence and limiting effects of his physical symptoms were not entirely consistent with the medical evidence and other evidence in the record.[2] *Id.* Specifically, the ALJ discounted

---

[2] The ALJ also made findings discounting Plaintiff's subjective symptom testimony regarding his mental limitations, but Plaintiff's briefing only challenges the ALJ's findings pertaining to his physical limitations. *See* AR 25; Dkt. 9; Dkt. 13 at 4; Dkt. 14.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 4

Plaintiff's physical symptom testimony citing the "significant reduction of symptoms following back surgery" and "pain relief with post-surgical injections." AR 25 (citations omitted).

In discounting Plaintiff's testimony, the ALJ's decision focuses on Plaintiff's improvements after his back surgery in 2023.[3] *See* AR 25 (finding Plaintiff's testimony about the severity of his limitations unpersuasive given the "significant reduction of symptoms following back surgery" and "pain relief with post-surgical injections"); AR 26 (citing evidence in the medical record detailing Plaintiff's improved symptoms following surgery); AR 27 (same); AR 28 (same). In doing so, the Court agrees with Plaintiff that the ALJ failed to consider whether Plaintiff was disabled for any qualifying portion of the overall period of alleged disability. *See Smith v. Kijakazi*, 14 F.4th 1108, 1113–16 (9th Cir. 2021) (finding ALJ was required to separately consider claimant's testimony about his capabilities in the early and later periods of experiencing mental health problems). Where the record suggests a claimant "moved from a state where he appears to have been unable to engage in meaningful work to a state in which he was significantly less hindered," it may be that the claimant "was disabled for a qualifying portion of the time from his alleged onset date, even if not for the full period." *Id.; see also Joel U. v. Comm'r, Soc. Sec. Admin.*, 2025 WL 1363302, at *8–9 (W.D. Wash. May 12, 2025) (remanding case where record suggested intervals of disability among periods of marked improvement). It is unclear from the decision whether the ALJ considered Plaintiff's disability at varying points.

---

[3] The ALJ also relied upon Plaintiff's 2023 surgery as one basis for discounting medical opinions that preceded the surgery. AR 30 (discounting opinions from May 2022 as unsupported and also inconsistent with the overall medical evidence record, including significant reduction of symptoms following back surgery and pain relief with post-surgical injections); AR 31 (discounting 2022 opinions from state agency medical consultants as "not consistent with the overall medical record, including significant reduction of symptoms following back surgery" and "pain relief with post-surgical injections"). On remand, the ALJ should reconsider these opinions relative to a potential limited period of disability as discussed above. *See Cailean v. O'Malley*, 2024 WL 4824035, at *2 (9th Cir. Nov. 19, 2024) (unpublished opinion).

SOCIAL SECURITY DISABILITY APPEAL ORDER - 5

In response to Plaintiff's potential limited period of disability argument, the Commissioner argues the record "supports the ALJ's findings that Plaintiff had ups and downs prior to surgery, that surgery greatly improved his condition, and that the residual function capacity for light work with postural and environmental limitations reasonably accommodated his functional deficits to the extent they met the 12-month durational requirement." Dkt. 13 at 5 (citing *Barnhart v. Walton*, 535 U.S. 212, 222–23 (2002) (holding 12-month durational requirement applied to both impairment and its severity level)). However, this rationale is not found in the ALJ's decision.

The ALJ's specifically articulated reasons for discounting Plaintiff's stated physical limitations were the "significant reduction of symptoms following back surgery and his pain relief with post-surgical injections." AR 25. The ALJ does not specify how any of the medical evidence preceding Plaintiff's 2023 back surgery specifically contradicts Plaintiff's testimony about his past or current limitations. The Court cannot manufacture inconsistencies—even ones that are reasonably inferred from the ALJ's decision—which are not relied on by the ALJ to uphold his determination. *See Brown-Hunter*, 804 F.3d at 494 ("As we have long held, 'We are constrained to review the reasons the ALJ asserts.'") (quoting *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)) (emphasis in original).

In a similar case to this one, the claimant in *Cailean v. O'Malley* alleged a back-related disability beginning on July 15, 2017, and had a seemingly effective spinal surgery in May 2020. 2024 WL 4824035, at *1 (9th Cir. Nov. 19, 2024) (unpublished opinion). The Ninth Circuit concluded "the ALJ erred in rejecting [the claimant's] testimony wholesale without explaining how [the ALJ's] rationale for finding the late-period testimony not credible applied to the early-

SOCIAL SECURITY DISABILITY APPEAL ORDER - 6

period testimony."[4] *Id.* (quoting *Smith*, 14 F.4th at 1114). Similarly, the ALJ did not analyze, or even reference, the possibility of a more limited period of disability within the overall relevant time period.

In sum, the ALJ "erred by seeking only to reach a single disability determination for the entire multi-year period, thereby failing to consider whether [Plaintiff] was disabled for only a qualifying, early portion of that time." *Smith*, 14 F.4th at 1116. Accordingly, the Court reverses and remands for Commissioner to reevaluate Plaintiff's subjective symptom testimony consistent with this Order.

On remand, the ALJ must specifically identify "which testimony [the ALJ] found not credible" and explain "which evidence contradicted that testimony" for Plaintiff's alleged symptoms prior to surgery as well a s any alleged symptoms thereafter. *See Laborin*, 867 F.3d at 1155.

**B.     Remaining Issues**

As the Court has found reversible error in the ALJ's evaluation of Plaintiff's subjective symptom testimony, the Court declines to consider Plaintiff's remaining arguments. Rather, the Court directs the ALJ to reevaluate Plaintiff's subjective testimony in light of the above discussion; the medical opinions relative to Plaintiff's testimony and potential periods of disability; to reassess the RFC as warranted by further consideration of the evidence; and, if appropriate, to reassess the step five finding that Plaintiff could perform work which exists in significant numbers in the national economy.

---

[4] In *Cailean*, the Ninth Circuit noted the ALJ had properly determined the claimant's testimony was not credible regarding her capacity in the later period of her disability claim. 2024 WL 4824035, at *1. Here, the Court does not reach this issue having already found remand necessary to evaluate the medical evidence relevant to Plaintiff's testimony.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 7

#### IV.    CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 22nd day of January, 2026.

_____

Grady J. Leupold
United States Magistrate Judge

SOCIAL SECURITY DISABILITY APPEAL ORDER - 8